UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHARLES FEGER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:13CV1767 CDP |
| TERRY RUSSELL, | ) | |
| Respondent. | ) | |

# **MEMORANDUM AND ORDER**

Petitioner Charles Feger seeks a writ of habeas corpus under 28 U.S.C. § 2254. Feger is currently incarcerated at the Eastern Reception Diagnostic, and Correctional Center in Bonne Terre, Missouri. Feger was convicted of robbery in the first degree and armed criminal action in the Circuit Court for St. Louis County in Clayton, Missouri. The Circuit Court sentenced him to two terms of twenty-five years imprisonment to be served concurrently.

Feger raises five grounds for relief in his petition for a writ of habeas corpus. Three of Feger's grounds for relief are barred by procedural default and the other two are without merit. Therefore, I will deny his petition for a writ of habeas corpus.

## I. Procedural History

Feger was charged with robbery in the first degree and armed criminal action. His trial was held in the Circuit Court of St. Louis County, Missouri, where Robert and Joleen Taaffe represented him at trial. On November 4, 2009, the jury found Feger guilty of both counts. On December 9, he was sentenced to two twenty-five year terms to be served concurrently. He filed a direct appeal alleging three claims of error by the trial court. The state argued that his claims had not been properly preserved at trial, and the Court of Appeals for the Eastern District of Missouri agreed. The Court, however, exercised discretionary plain error review as allowed by Missouri Supreme Court Rule 30.20, and denied the claims on the merits. *See State v. Feger*, 326 S.W.3d 826, (Mo. Ct. App. 2010) (per curiam); Resp. Ex. E (Memorandum Supplementing Order).

Feger then filed a *pro se* motion for post-conviction relief under Missouri Supreme Court Rule 29.15 in the St. Louis County Circuit Court. The court appointed counsel and held an evidentiary hearing. In his motion Feger alleged two separate claims of ineffective assistance of counsel by his trial attorneys. The first claim was that counsel had failed to convey a fifteen-year plea offer. The second claim was that counsel had failed to call Feger or any other witnesses during the hearing to suppress the statements Feger made to police when he was in the hospital. Robert Taaffe testified that he did not recall a fifteen-year plea offer.

Jolene Taaffe testified that there was no fifteen year plea offer. Both testified that they had considered calling witnesses at the suppression hearing before deciding against it. The motion court denied both of Feger's claims for relief. Feger appealed the motion court's decision and the state court of appeals affirmed the motion court's denial of post-conviction relief, deferring to their factual findings. *See State v. Feger*, 378 S.W.3d 421 (Mo. Ct. App. 2012) (per curiam); Resp. Ex. J (Memorandum Supplementing Order). Feger then filed this petition for a writ of habeas corpus.

## II. Factual Background

On February 19, 2008, Feger was at a bar drinking beer and margaritas in St. Louis County along with his wife, Jennifer Feger, and uncle, James Davis. Feger's uncle left the bar between 9 and 9:30 p.m. Feger stayed at the bar with his wife until around 11 p.m., when he exited the bar into the alley after saying he felt sick. When Feger did not return quickly, his wife went outside and saw him throwing up. He told her to go back inside the bar and wait there for him.

The bar was located next to a pizza restaurant that was managed by Nathan Murphy. The restaurant had closed for the night and Murphy was finishing his shift when he was struck with a metal baseball bat and slammed into a soda machine. Murphy fell to the ground and looked up to see Feger standing over him wearing a black hooded sweatshirt, but Murphy could see Feger's face. Feger

demanded that Murphy give him the money and Murphy told Feger it was on the counter. Feger walked over to the counter, took the money, and stuffed it in his sweatshirt. Feger then demanded to know where Murphy's car was and after learning it was parked behind the restaurant, Feger took Murphy's car keys.

Feger left the restaurant, headed for Murphy's car, and dropped the bat. Murphy heard the bat fall to the ground and saw Feger with his back turned, trying to unlock Murphy's car. Murphy picked up the bat, ran towards Feger and struck Feger in the back of the head with the bat. Feger fell to the ground and Murphy retrieved the money and his car keys. Murphy then went back inside the restaurant and called the police.

The police arrived and found Feger lying semi-conscious on the ground and bleeding. Feger told the police that his wife was inside the nearby bar. One of the officers went to locate her and informed her that a man appearing to be her husband was unconscious on the ground. Feger's wife identified the unconscious man as her husband and Feger was taken to a hospital in an ambulance.

At the hospital, Dr. Harlan Hodges treated Feger for his head injuries in the emergency room. According to Dr. Hodges, Feger had an open wound to his head, a skull fracture, and several hemorrhages. After treating Feger in the ER, Dr. Hodges sent Feger to the intensive care unit (ICU) and did not see him again.

Around 11:30 a.m. the next morning, the police questioned Feger in the hospital after asking hospital personnel for clearance. The police explained his *Miranda* rights,[1] and Feger agreed to answer questions, but he did not sign a written waiver. After some initial questioning, the police told Feger about the robbery and Feger admitted that he had committed the robbery and said he was sorry. Feger also admitted that he needed money for his $300-a-day crack habit. The police then placed him under arrest. Resp. Ex. A, 5-13.

Feger was indicted for robbery in the first degree and armed criminal action. Before trial, Feger's attorney filed a motion to suppress the statements Feger made in the hospital on the grounds that Feger had not been competent to waive his *Miranda* rights when he was in the hospital. At the hearing, one of the detectives testified that Feger had made a knowing and voluntary waiver of his rights and that there had been no police coercion. He also testified that Feger had not been under the influence of any medication at the time he made his statements. Based on this evidence, the trial court denied the defense motion to suppress the statements. Resp. Ex. A, 5-13.

At some point before Feger's trial, the state offered a plea of twenty-years imprisonment. Both Feger and his trial counsel confirmed that this offer was made

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

and that after conferring with his attorneys, Feger rejected the offer. The defense raised the issue of a fifteen-year plea agreement, but the state rejected it.

## III. Petitioner's Grounds for Relief

In his § 2254 petition for a writ of habeas corpus, Feger raises five grounds for relief:

(1) That he was denied due process and a fair trial when the trial court prohibited him from introducing evidence about the lack of a videotape;

(2) That he was denied the right to be free of self-incrimination when the trial court denied his motion to suppress statements made to the police while he was hospitalized;

(3) That the trial court erred when it failed to declare a mistrial or strike testimony by James Davis regarding Feger's character that was later commented on in closing arguments;

(4) That he was denied effective assistance of counsel when his attorney allegedly failed to inform him of a plea offer by the state; and

(5) That he was denied effective assistance of counsel when his attorney failed to call witnesses in support of his motion to suppress statements he made to the police.

## IV. Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[a]n application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a state court shall not be granted when it was adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). A state court's adjudication is contrary to clearly established federal law "if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (quoting *Richardson v. Bowersox,* 188 F.3d 973, 977-978 (8th Cir. 1999)). An unreasonable application of federal law is one where the "state court decision, evaluated objectively, and on the merits, resulted in an outcome that cannot be reasonably justified under existing Supreme Court precedent." *Id*. (internal citations omitted). Factual determinations made by a state court "shall be presumed correct" and a petitioner must rebut such determinations by "clear and convincing evidence." § 2254(e)(1).

### A. Petitioner's Grounds One, Two, and Three are Procedurally Barred

Missouri Supreme Court Rule 30.20 gives appellate courts the discretionary power to review unpreserved claims for plain error. A federal habeas court may

7

not consider "a claim rejected by a state court if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 131 S. Ct. 1120, 1128 (2011) (quotations omitted). The independent state law ground can be either a substantive rule or a procedural barrier. *Id.* A discretionary state procedural rule can serve as an adequate ground to bar habeas review when it is "firmly established" and "regularly followed." *Beard v. Kindler*, 558 U.S. 53, 60 (2009).

Respondent contends that Feger's first three grounds are procedurally barred. The Missouri Court of Appeals determined that Feger had not properly preserved any of these claims. That court, however, used the discretionary power granted by Rule 30.20 to conduct plain error review and then denied the claims on the merits. Feger does not dispute that he failed to preserve these claims at trial, nor does he allege that the state procedural rule at issue is not "regularly followed" and "firmly established." *Walker*, 131 S. Ct. at 1127. Instead he argues that because the state appellate court exercised discretionary review for plain error, this court may review for plain error as well.

Within the Eighth Circuit, different panels have disagreed over whether a state court's discretionary review of an unpreserved claim for plain error waives procedural default by a habeas petitioner, permitting collateral review by a federal court. *See Toney v. Gammon*, 79 F.3d 693, 699 (8th Cir. 1996) (holding that a

state's discretionary review for plain error does not excuse procedural default); *but see Mack v. Caspari*, 92 F.3d 637 (8th Cir. 1996) (holding that plain error review by a state court waives procedural default and permits collateral review); *see also Hornbuckle v. Groose*, 106 F.3d 253 (8th Cir. 1997) (noting the split with in the Eighth Circuit and electing to adopt the same position as *Mack v. Caspari*). However, in *Mader v. United States*, the Eighth Circuit Court of Appeals settled the issue of what rule to apply when there are conflicting panel opinions: "We definitively rule today, in accordance with the almost universal practice in other federal circuits, that when faced with conflicting panel opinions, the earliest opinion must be followed . . . ." *Id.* (*citing T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 960 (8th Cir. 2006)). The earliest decision handed down by the Eighth Circuit on this issue concluded that a habeas petitioner is not entitled to an independent determination by a federal habeas court after plain error review by a state court. *Hayes v. Lockhart,* 766 F.2d 1247, 1252-53 (8th Cir. 1985) (because the burden of justifying federal habeas relief for state prisoners is greater that the plain error showing required on direct appeal, petitioner was not entitled to a determination by federal habeas court on whether the giving a jury instruction was plain error); *see also Pollard v. Delo*, 28 F.3d 887, 889 (8th Cir. 1994) (plain error review of claim by state court did not "erase the fact that the court specifically and clearly found that the claim was procedurally barred by [petitioner's] failure to

comply with the procedural requirements . . . [of] Missouri Rule 29.15 . . . As a result, this court cannot consider [petitioner's] claim . . . ."). As such, Feger's first three grounds are procedurally defaulted and the Court may not consider them unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991).

Here, Feger makes no attempt to avoid the procedural bar. *See Murray v. Carrier,* 477 U.S. 478, 488 (1986) (to demonstrate cause, petitioner must show "some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule."); *United States v. Frady*, 456 U.S. 152, 170 (1982) (to establish actual prejudice, petitioner must demonstrate that the errors "worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions."); *Abdi v. Hatch,* 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception). Instead, he merely reargues in his traverse that the Court should apply *Mack* and consider his claims on the merits. I have already rejected this argument and concluded that I must apply *Hayes* (and later *Toney* and *Pollard*), not *Mack* and *Hornbuckle*, to his

claims. Therefore, Grounds 1-3 of Feger's habeas petition will be denied as procedurally defaulted.

## B. Ineffective Assistance of Counsel

Both of Feger's ineffective assistance of counsel claims were rejected on the merits by the post-conviction motion court and in the subsequent appeal. They are therefore properly before this Court, so I will review the claims to determine whether they are contrary to, or an unreasonable application of, established federal law or were based on an unreasonable determination of the facts in light of the evidence before the state court. 28 U.S.C. § 2254(d).

The Sixth Amendment guarantees every defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); U.S. Const. Amend. VI. To succeed on a claim of ineffective assistance of counsel, a petitioner must show by a preponderance of the evidence that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *Id*. at 687. Under this standard, "[j]udicial scrutiny of counsel's performance must be highly deferential" and there is a "strong presumption" that counsel's conduct falls within the range of professionally reasonable assistance. *Id*. at 689. Even if counsel's performance is deficient "[a] defendant must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id*. at 694. "[A]

11

court need not address both components [of the *Strickland* test] if the movant makes an insufficient showing on one of the prongs." *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995).

### 1. Ground 4: Ineffective Assistance of Counsel Based on Failure to Convey a Plea Offer

In his fourth ground for relief, Feger alleges that he was denied effective assistance of counsel because his trial counsel failed to inform him of a fifteen-year plea offer. He testified that after he was convicted, his counsel told him that he should have taken "that fifteen that was on the table." Feger claims that if he had known about this supposed offer, he would have accepted it.

Feger is the only person who claims that a fifteen-year plea offer was ever made, and no other evidence in the record supports his contention. Both attorneys testified that there had been a twenty-year plea offer (which Feger rejected) but neither knew of any fifteen-year offer, and neither remembered making the statement Feger alleged. The Taaffes also testified that they had asked for a fifteen-year plea agreement, but the state refused. The Taaffes further stated that if they had been aware of any such offer, they would have informed Feger. The state denied making any such offer. Resp. Ex. F, 8-9, 27-28.

Feger does not dispute that he was informed of the twenty-year offer and rejected it, or that his counsel informed him that the state had rejected a fifteen-

year offer. Resp. Ex. F, 99. Instead, he argues that there must have been such an offer because of counsel's statement to him after the verdict. The PCR motion court found that Feger's testimony about the supposed fifteen-year plea offer was not credible and the state court of appeals deferred to the motion court's factual determination. *See State v. Feger*, 378 S.W.3d 421 (Mo. App. E.D. 2012) (per curiam); Resp. Ex. J. Feger has failed to rebut the "presumption of correctness" accorded to state court factual findings by "clear and convincing evidence," so I must defer to the factual determination that no fifteen-year plea offer was made. *See* § 2254(e)(1).

Because counsel's performance could not be deficient for failing to notify Feger of a plea offer that did not exist, I need not address the second prong of the *Strickland* test. *Engelen*, 68 F.3d at 241.[2] Feger's fourth ground for habeas relief is without merit and will be denied.

### 2. Ground 5: Ineffective Assistance of Counsel Based on a Failure to Call Witnesses at the Suppression Hearing

Feger's final ground for habeas relief is that he was denied effective assistance of counsel because his attorneys did not call either Feger himself or any other witnesses at the suppression hearing. A petitioner has the burden of showing

---

[2] Feger has also continued to maintain his innocence. He claims that even though he is innocent, he would only have taken the plea because of medical reasons and for the sake of his family.

13

he was denied effective assistance of counsel by a preponderance of the evidence, and must overcome a strong presumption that counsel's conduct was professionally reasonable. *E.g. Strickland*, 466 U.S. 689. The decision as to whether to call a witness "is a virtually unchallengeable decision of trial strategy." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010).

At the post-conviction hearing, Feger's attorney testified that she decided not to call Feger at the suppression hearing[3] because she was concerned that any testimony given could later be used to impeach Feger at trial. This is a legitimate strategic decision and hardly constitutes constitutionally ineffective assistance. Calling any witness comes with the risk of cross-examination. *Rodela-Aguilar* at 864. Ms. Taaffe also stated that although Dr. Harlan Hodges did appear to testify, he was not called when counsel learned that he had no knowledge about Feger's condition at the time he spoke to the police. Dr. Hodges testified at the post-conviction hearing that he had treated Feger in the emergency room but had no specific knowledge of Feger's condition at the time the police questioned him.

Ms. Taaffe also stated that she declined to call members of Feger's family because, like Dr. Hodges, they did not observe Feger at the time he made his statements to the police and so had no knowledge of his condition at that time. Thus, the decision by Ms. Taaffe not to call any of Feger's family members at the

---

[3] The suppression hearing was conducted the morning the trial began.

suppression hearing was well within the range of "professionally reasonable assistance" and not constitutionally deficient. *See Strickland*, 466 U.S. at 689.

Ms. Taaffe testified that in hindsight, her decision not call witnesses at the suppression hearing might have been in error. Resp. Ex. F, 30-34. This hindsight opinion does not render counsel's assistance constitutionally deficient. *See Strickland* at 689 (a fair assessment of counsel's performance must strip out the benefit of hindsight). As stated above, trial counsel's decision about whether to call a witness is a virtually "unchallengeable" strategic decision. *Rodela-Aguilar*, 596 F.3d at 464. Dr. Hodges admits that he had no knowledge of Feger's condition at the time Feger was questioned by the police, and the same is true regarding Feger's family. Nothing they would have said would have contradicted the testimony of Detective Scott Cork regarding Feger's condition at the time he was questioned. Resp. Ex. A, 5-13. In affirming the denial of post-conviction relief, the appellate court held that the decision not to call Dr. Hodges or any members of Feger's family did not constitute ineffective assistance of counsel because the testimony would not have helped Feger at the suppression hearing. This state court determination is not contrary to, or an unreasonable application of, federal law as stated by the Supreme Court, nor is it an unreasonable determination of the facts. Feger's fifth and final ground for relief is without merit and will be denied.

**Certificate of Appealability**

A district court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve additional proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). No reasonable jurist could differ on any of Feger's claims. Therefore, I will not issue a certificate of appealability on any of the claims.

## V. Conclusion

**IT IS HEREBY ORDERED** that Charles Feger's petition for a writ of habeas corpus [#1] and his motion for appointment of counsel [#4] are denied.

**IT IS FURTHER ORDERED** that this court will not issue a certificate of appealability.

A separate Judgment is issued in accordance with this Memorandum and Order.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2014.